IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R&L INVESTMENT PROPERTY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-00864-M |
| | § | |
| GUY HAMM, JOYCE HAMM, | § | |
| EARNEST UPCHURCH, UPCHURCH | § | |
| CENTURY 21 REAL ESTATE, INC. and | § | |
| KATHY HOBBS | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motions to Dismiss. [Docket Entries #5 and #11]. For the reasons stated below, the Motions to Dismiss are **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

On April 18, 2006, R&L Investment Property, LLC, ("R&L"), entered into a contract for the sale ("Original Contract for Sale") of real property located in Hunt County, Texas, agreeing to purchase approximately 417 acres from Guy and Joyce Hamm (the "Hamms"). The Hamms sold the property through Upchurch Century 21 Real Estate, Inc. and its agents, Earnest Upchurch and Kathy Hobbs (collectively the "Real Estate Defendants"). Prior to the sale, the Hamms and the Real Estate Defendants advertised that "SELLER ALREADY HAS A SEWER TREATMENT PERMIT!" In fact, the permit stated it was set to expire on March 1, 2006.

On May 22, 2006, R&L and the Hamms amended the contract, to provide for seller financing and to extend the closing date. On June 19, 2006, R&L and the Hamms voided the Original Contract for Sale and entered into the Second Contract for Sale. On September 29, 2006, the Hamms conveyed the property to R&L.

On April 29, 2010, R&L filed suit, alleging that the Hamms and the Real Estate Defendants falsely represented that the property had a waste water treatment permit. R&L alleged common law fraud, statutory fraud under section 27.01 of the Texas Business and Commerce Code, and a violation of the Federal Interstate Land Sales Full Disclosure Act.[1] On August 27, 2010 and October 18, 2010, respectively, the Real Estate Defendants and the Hamms moved to dismiss R&L's Original Complaint.

Plaintiff's Original Complaint had six exhibits, including the agreements made on April 18, May 22, and June 19, and the advertisement. Defendants referenced those exhibits in their Motions to Dismiss. On December 2, 2010, the Court entered its Scheduling Order, which permitted the parties to amend their pleadings, without seeking leave of Court, by March 1, 2011. On December 20, 2010, R&L amended its complaint, removing all exhibits but the advertisement. On January 4, 2011, R&L amended again, this time referencing, but not attaching, the advertisement. On January 24, 2011, R&L moved for a temporary restraining order. The Hamms filed a response, attaching as exhibits the contracts and the waste water permit, which stated the permit's expiration date. On February 17, 2011, the Court held a hearing on the bond to be set on the temporary restraining order, to which the parties had agreed.

On March 1, 2011, before the Court set the bond amount and entered the temporary restraining order, R&L filed for bankruptcy under Chapter 11, which automatically stayed all proceedings in this case. On April 21, 2011, the bankruptcy court lifted the automatic stay as to R&L's claims before this Court. On June 8, 2011, Plaintiff amended its complaint, removing its Federal Interstate Land Sales Full Disclosure Act claim.

---

[1] 15 U.S.C. § 1703(a) (2010).

## II. ANALYSIS

### A. Materials Before the Court

Generally, in considering a motion to dismiss under Rule 12(b)(6), the Court "must limit itself to the contents of the pleadings, including attachments thereto."[2] If the Court is presented with matters outside the pleadings and does not exclude them, "the motion must be treated as one for summary judgment [and] . . . [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[3] However, the Fifth Circuit has recognized "one limited exception" to this rule.[4] Under that exception, "'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'"[5] These facts are necessary: the document(s) must be (1) attached to a defendant's motion to dismiss, (2) referred to in the plaintiff's complaint, and (3) central to the plaintiff's claims.[6]

Here, the Motions to Dismiss are directed to R&L's Original Complaint, which is not Plaintiff's live pleading and to which were attached no exhibits. However, the record before the Court contains evidence, apparently undisputed, of the contracts, permit, and advertisement.

The Court typically has three options: (1) deny the Motions to Dismiss as moot, given that they are based on pleadings that have been amended; (2) treat the Motions as summary judgment motions; or (3) rule on the Motions, considering only the Third Amended Complaint, which contains no exhibits.

---

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[3] Fed. R. Civ. P. 12(d); *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[4] *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).
[5] *Collins*, 224 F.3d at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.3d 429, 431 (7th Cir. 1993)). This exception is a natural extension of Rule 10(c), which states that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Because such documents are considered part of the pleadings, they are not "matters outside the pleadings" that trigger conversion to a motion for summary judgment under Rule 12. *See* Fed. R. Civ. P. 12(d).
[6] *Kaye v. Lone Star Fund V (U.S.) L.P.*, --- F. Supp. 2d ----, 2011 WL 1548967, at *9 (N.D. Tex. Apr. 26, 2011) (Lynn, J).

However, in this case, the Court chooses a fourth option. Defendants gave notice that they still pursue their Motions to Dismiss with respect to the previously filed amended complaints. It is completely wasteful and unfair for Plaintiff's amendment to be treated as eradicating the documents on which Plaintiff's claims are based merely because Plaintiff has recently chosen not to attach the documents upon which it already based and pled its claims. Having so used the documents, Plaintiff cannot eliminate Defendants' ability to rely on those same documents. The Court will therefore consider the contracts, permit, and advertisement as part of Plaintiff's live pleading.

**B. Motions to Dismiss**

**1. Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] This standard does not require "detailed factual allegations," but it demands more than an unadorned accusation devoid of any factual support.[8] While a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."[9] A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.[10] To survive a motion to dismiss, the complaint must contain adequate factual matter, taken as true, to state a claim for relief that is plausible on its face.[11] A claim is plausible on its face if the court can draw a reasonable inference from the pleadings that the

---

[7] Fed. R. Civ. P. 8(a)(2).
[8] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[9] *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 555).
[10] *Twombly*, 550 U.S. at 555.
[11] *Id.* at 570.

defendant is liable for the alleged misconduct.[12] Where the facts do not allow the court to infer more than the mere possibility of misconduct, the complaint has failed to show that the pleader is plausibly entitled to relief.[13]

Rule 9(b) requires that a party "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake."[14] The Fifth Circuit has interpreted Rule 9(b) to require, at a minimum, that a plaintiff set forth the "who, what, when, where, and how" of the alleged fraud.[15] However, the Fifth Circuit has also stated that the "time, place, contents, and identity standard is not a straitjacket for Rule 9(b)," concluding that Rule 9(b) is context-specific and flexible.[16]

### 2. Texas Common Law and Statutory Fraud Claims

#### i. Statute of Limitations

In Texas, common law fraud and statutory fraud under section 27.01 of the Texas Business and Commerce Code are subject to four-year statute of limitations.[17] The statute of limitations begins when a wrongful act causes a legal injury.[18] Therefore, in a fraud action, the statute of limitations "begins to run when the fraud is perpetrated, or, if the fraud is concealed, from the time it is discovered or could have been discovered by the exercise of reasonable diligence."[19] The purpose of the discovery rule in fraud actions is to toll the running of the

---

[12] *See id.* at 556.
[13] Fed. R. Civ. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1950.
[14] *See, e.g.*, *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 384 (5th Cir. 2003); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).
[15] *Thompson*, 125 F.3d at 903 (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).
[16] *See Grubbs*, 565 F.3d at 188, 190 (internal quotation marks omitted).
[17] Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4) (West 2010).
[18] *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)).
[19] *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988) (citing *Quinn v. Press*, 140 S.W.2d 438, 440 (Tex. 1940)).

statute where the injury is "inherently undiscoverable."[20] In Texas, however, the discovery rule must be pled in the original petition or in an amended or supplemental petition[21] in response to the defendant's assertion that the claim is not timely.[22] The party asserting the use of the discovery rule bears the burden of proving it, and the use of the discovery rule is waived if the pleadings do not raise it affirmatively.[23]

Here, R&L did not plead the use of the discovery rule in any of its complaints, nor respond to the Motions to Dismiss by asserting the discovery rule.[24] Thus, R&L may not pursue use of the discovery rule in response to a claim that the statute of limitations bars Plaintiff's Texas common law and statutory fraud claims.

Under Texas law, an element of common law and statutory fraud is a false representation for the purpose of *inducing* the Plaintiff to act in reliance on the misrepresentation.[25] A false representation on the sale of real estate must be made before the plaintiff entered into a contract for sale or else the false statement could not have *induced* the action.[26]

Here, R&L's fraud claims relate to representations about the waste water permit in the advertisement, and in discussions with Defendants about such a permit. Under these facts, the last day Defendants could have perpetrated the fraud to induce R&L to enter into the Original Contract for Sale was April 18, 2006.[27] When R&L filed its Original Complaint on April 29, 2010, more than four years had passed, and thus the statute of limitations bars the common law

---

[20] *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996).
[21] In Texas, a supplemental petition is the proper mode to provide the court with allegations of new matter in reply to those the defendant alleged, such as use of the discovery rule. Tex. R. Civ. P. 80.
[22] *Woods*, 769 S.W.2d at 517–18 (holding that the discovery rule must be raised affirmatively because it is a plea in confession and avoidance).
[23] *Id.* at 518.
[24] *See* Pl.'s Original Compl.
[25] Tex. Bus. & Com. Code Ann. § 27.01(a)(1)(A); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).
[26] *Van Marcontell v. Jacoby*, 260 S.W.3d 686, 691 (Tex. App.—Dallas 2008, no pet.) (holding that fraud is perpetrated when the contract is entered into and not after).
[27] Pl.'s Original Compl., Ex. A, at 12.

and statutory fraud claims based on the Original Contract for Sale. However, on June 19, the parties entered into the Second Contract for Sale. Plaintiff claims the representations regarding the permit continued up until that contract was executed, less than four years before suit was filed. Thus, the statute of limitations does not bar R&L's fraud claims as to any representation made to induce R&L to enter into the Second Contract for Sale.

### ii. Sufficiency of Pleading

The Hamms and the Real Estate Defendants move to dismiss R&L's fraud claims under Rule 9(b). R&L alleges that "[i]n 2006" Defendants marketed the Property as having a waste water treatment permit; before entering into the June 19 contract and before the September 29 conveyance, Defendants "caused advertisements to be created which represented to the world" that the property had a waste water treatment permit and that during "specific discussions," "[e]ach Defendant" represented to R&L's agent that the property had a waste water treatment permit.

R&L fails to specify who made the advertisement, when, and where. Further, R&L fails to state who made the alleged oral statements during the discussions, nor does it state when, where, and how these discussions occurred. R&L fails to plead fraud with the degree of specificity required to satisfy the heightened pleading standard imposed by Rule 9(b).[28] Therefore, the Motions to Dismiss R&L's fraud claims as to the Second Contract for Sale are GRANTED without prejudice. R&L may amend its pleading by July 12, 2011 to set out such claims. The Court need not address the consequences of merger and waiver-of-reliance clauses

---

[28] *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (emphasis in original).

on R&L's fraud claims, which would require examining the totality of the circumstances,[29] an inquiry which is premature at this stage.

### III. CONCLUSION

For the reasons stated above, the Motions to Dismiss are **GRANTED**. R&L's common law and statutory fraud claims relating to the Original Contract for Sale are **DISMISSED** with prejudice. R&L's common law and statutory fraud claims relating to the Second Contract for Sale are **DISMISSED** without prejudice, and R&L may replead such claims to satisfy Rule 9(b) on or before **July 12, 2011**.

**SO ORDERED.**

June 21, 2011.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

---

[29] *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 60 (Tex. 2008) ("Courts must always examine the contract itself and the totality of the circumstances when determining if a waiver-of-reliance provision is binding.").